# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MARITZA ORTIZ-SÁNCHEZ,**

    *Plaintiff,*

v.

**CRISANTA GONZÁLEZ SEDA, et al.,**

    *Defendants.*

Civ. No. 23-01463

## OPINION AND ORDER

### I.   Introduction

Before the Court is Plaintiff, an attorney appearing pro se,[1] Maritza Ortiz-Sánchez's, ex parte application for a Temporary Restraining Order ("TRO" or "Motion"). (**ECF No. 1**). Plaintiff (or otherwise referred herein as "Movant") filed the TRO on September 11, 2023, requesting declaratory and injunctive relief against Defendant, Crisanta González Seda ("Defendant") in relation to judicial proceedings before the Commonwealth of Puerto Rico Courts. *Id*.

Upon consideration of the filings, the Court notes several deficiencies that fail to comply with both the Federal Rules of Civil Procedure and the Local Rules of this Court. Consequently, the Motion is **DENIED** for the reasons below.

---

[1] As required in this Circuit, based on Plaintiff's pro se status, her filings have been liberally construed. *Harris v. Wall*, 217 F. Supp. 3d 541, 547 (D.R.I. 2016) (citing *Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000)) (cleaned up).

## II. Legal Standard

Under Federal Rule of Civil Procedure 65(b), a court may issue a TRO without notice to the adverse party only if the motion, supported by a verified complaint or affidavit, unequivocally illustrates that failure to grant the injunction would result in immediate and irreparable harm. *See Bonilla v. Rodriguez*, 635 F. Supp. 148, 150 n.1 (D.P.R. 1986). The moving party's attorney must also certify any efforts undertaken to notify the opposing party and rationalize why notice should not be a requisite. *Id*.

Further, Local Rule 5(c) mandates the accompaniment of a certified English translation for every document filed in a foreign language. And Local Rule 65 emphasizes that a motion for a TRO be appended with a proposed order.

## III. Analysis

In light of the aforementioned rules, this Court highlights the following shortcomings:

a. The Motion does not contain the obligatory certification from the Movant or the Movant's attorney detailing the efforts to notify Defendant or justifying the exception from this requirement per Rule 65(b)(1)(B).

b. The Motion does not contain a Draft Order stating the precise injury and why it is irreparable, the reasons for dispensing with notice, and the date and hour of issuance. This fails to adhere to Rule 65(b)(2) and Local Rule 65.

c. The application includes documents not translated into English, devoid of the essential certified English translations. This violates Local Rule 5(c).

(**ECF No. 1**); *see Thompson v. Ramirez*, 597 F. Supp. 726, 726 (D.P.R. 1984) (finding ex parte relief of a temporary restraining improper where there had been "no certification to [the court] in writing, of the efforts, if any, of notification to adverse parties.")

While the Court is mindful of the leeway offered to parties appearing pro se, the requirements of Rule 65 "must be strictly complied with to obtain ex parte relief." *Id*. (citing *Baines v. City of Danville, VA.*, 337 F.2d 579 (4th Cir. 1964)). This holds particularly true given that Plaintiff, while appearing pro se, is a practicing attorney. *See* **ECF No. 1 at 7** (". . . upon the request to examine the files related to treatments received by *attorney* Ortiz-Sánchez."); *see also* **ECF No. 1-1 at 23** (" . . . it believed petitioner Ortiz should not be allowed to work as an *attorney*."); (**ECF No. 1-1 at 45** ("whether petitioner Ortiz is fit to work as an *attorney*, to some other mumbo jumbo.")

Indeed, the requirements of Rule 65, "are not mere technicalities, but establish minimum due process." *Id., see e.g., Snyder v. Contracted Med. for the DOC,* 20-cv-10226, 2020 WL 1495784, at *4 (D. Mass. Mar. 27, 2020) (noting "the court cannot issue a TRO without notice to the adverse parties unless the plaintiff 'certifies in writing any efforts made to give notice and the reasons why it should not be required.' Fed. R. Civ. P. 65(b)(1)(B)"); *Nzaddi v. Dep't of Corr.*, 12-cv-10876, 2012 WL 1853580, at *4 (D. Mass. May 18, 2012) (finding plaintiff's failure to certify "her efforts to give notice to the defendants . . . or explain[] why such notice should not be required . . . are grounds, in and of themselves, for denial of the motion.") For the reasons stated, the Court **DENIES** Plaintiff's Motion for a Temporary Restraining Order **WITHOUT PREJUDICE**.

### III.    Conclusion

Given the procedural deficiencies identified—which is not an exhaustive accounting of the procedural shortcomings—the Court must **DENY** Plaintiff's Motion for a Temporary Restraining Order **WITHOUT PREJUDICE**. (**ECF No. 1**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of September 2023.

> *s/ María Antongiorgi-Jordán*
> **MARIA ANTONGIORGI-JORDAN**
> **UNITED STATES DISTRICT JUDGE**